IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAURICE D. MATTHEWS, #251986, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-794-TMH |
| ) | [WO] |
| ) | |
| JOHN WILLIAMS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Maurice D. Matthews ["Matthews"], a county inmate, challenges the conditions of confinement to which he is currently subjected at the Lowndes County Jail. Matthews names Johns Williams, the Sheriff of Lowndes County, Alabama, Rufus Haralson, the jail's warden, Ken Thompson, the Commissioner of the Alabama Department of Corrections, and Stephanie Atchison, Director of Central Records for the Alabama Department of Corrections, as defendants in this cause of action.

Upon thorough review of the complaint, the court concludes that the plaintiff's claims against Ken Thompson and Stephanie Atchison and his challenge regarding a lack of transfer to the state prison system are due to be dismissed prior to serve of process under

28 U.S.C. § 1915(e)(2)(B)(i).[1]

## II.  DISCUSSION

### A.  Claims Against Thompson and Atchison

Defendants Thompson and Atchison are not responsible for the conditions of confinement at any county jail and have no authority over those officials responsible for the daily operation/maintenance of a county jail. Thus, the claims lodged against defendants Thompson and Atchison are devoid of merit and are subject to summary dismissal in accordance with the provision of 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  Challenge to County Confinement

Matthews contends that his constitutional rights are being violated by his confinement in a county jail rather than incarceration in the Alabama prison system. Specifically, Matthews seeks transfer from the Lowndes County Jail to his "rightful place of confinement" in the custody of the Alabama Department of Corrections. *Complaint - Doc. No. 1* at 4.

A convicted prisoner has no constitutionally protected right to confinement in a particular penal facility. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Thus, an inmate may be confined in any correctional facility without implicating the prisoner's

---

[1] The court granted Matthews leave to proceed *in forma pauperis*. *Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss any claim prior to service of process if it determines the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

constitutional rights.  *Id.*; *see also Montanye v. Haymes*, 427 U.S. 236, 242 (1976).  The plaintiff's confinement in the Lowndes County Jail, although it may entail "more burdensome conditions [than that of a state prison], [is] 'within the normal limits or range of custody which the conviction has authorized the State to impose.'  *[Meachum,* 427 U.S. at 225]; *see also Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976)."  *Sandin v. Conner,* 515 U.S. 472, 478 (1995).

In light of the foregoing, it is clear that a delay in transfer of an inmate to the custody of the Alabama Department of Corrections does not rise to the level of a constitutional violation and therefore provides no basis for relief in this 42 U.S.C. § 1983 action.  Consequently, this claim is due to be summarily dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against Ken Thompson and Stephanie Atchison and his challenge to a lack of transfer to the custody of the Alabama Department of Corrections be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The plaintiff's claims against John Williams and Rufus Haralson challenging the conditions of confinement in existence at the Lowndes County Jail be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that **on or before October 18, 2012**, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of October, 2012.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE