IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MAURICE D. MATTHEWS, #251986,   )
                                   )
    Plaintiff,                )
                                   )
v.                           )     CIVIL ACTION NO. 2:12-CV-794-CSC
                                 )           [WO]
                                 )
JOHN WILLIAMS, et al.,         )
                                 )
    Defendants.            )

**MEMORANDUM OPINION**

Maurice D. Matthews ["Matthews"], an indigent inmate, initiated this 42 U.S.C. § 1983 action challenging general conditions of confinement present during his brief incarceration at the Lowndes County Jail. The order of procedure entered in this case specifically directed Matthews to immediately inform the court of any change in his address. *September 18, 2012 Order - Doc. No. 4* at 5-6.

On January 3, 2013, this court issued an order, a copy of which the Clerk mailed to Matthews. The postal service returned this order because Matthews no longer resided at the address he last provided to the court. In light of the foregoing, the court entered an order requiring that on or before January 31, 2013 Matthews inform the court of his present address. *January 23, 2013 Order - Doc. No. 20*. The order specifically advised Matthews that this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in a Recommendation that this case be

dismissed.  *Id*. at 1.  The court has received no response from Matthews to the aforementioned order nor has he provided the court with his current address as required by the order of procedure.

As is clear from the foregoing, Matthews has failed to comply with the directives of the orders entered by this court.  In addition, this case cannot properly proceed in his absence. It likewise appears that Matthews is no longer interested in the prosecution of this case.  The court therefore concludes that this case is due to be dismissed.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir.2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of  consequences for failure to comply).  Consequently, the court concludes that the plaintiff's failure to comply with the orders of this court and his failure to properly prosecute this action warrant dismissal of this case.

A separate document of final judgment will accompany this memorandum opinion. Done this 3rd day of April, 2013.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE